**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:97CV245
3:90CR85-P**

| | |
|---|---|
| **ORRIN L. JACKSON,** ) | |
| ) | |
| **Petitioner,** ) | |
| ) | |
| **V.** ) | |
| ) | **O R D E R** |
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Respondent.** ) | |
| ) | |

THIS MATTER comes before the Court on Petitioner's Motion for Relief Pursuant to All Writs Act, 28 U.S.C. § 1651, and/or Federal Rules of Civil Procedure Rule 60 (b) (4) and (6). This Motion was filed December 13, 2004.

Petitioner filed a 28 U.S.C. § 2255 Motion to Vacate on April 24, 1997.[1] Petitioner subsequently filed a motion to dismiss his § 2255 action under Rule 41(a)(1) of the Federal Rules of Civil Procedure, which allows petitioners to voluntarily dismiss their suits without prejudice. This Court granted Petitioner's Motion to Dismiss on June 3, 1997; however, it dismissed Petitioner's action with prejudice.

On December 6, 1999, Petitioner filed another motion, titled "Motion by the Defendant to Correct an Illegal Sentence Pursuant

---

[1]Court records show that this Motion was actually filed on April 28, 1997, after the statute of limitations under the Anti-Terrorism Act (AEDPA) had expired. For the sake of argument, within this Order this Court will treat Petitioner's original Motion under § 2255 as timely filed.

to 18 U.S.C. 3553 and/or 18 U.S.C. 3582." This motion was treated as a successive habeas petition under 28 U.S.C. § 2255 and dismissed with prejudice on March 8, 2000.

Petitioner believes that this Court falsely characterized both motions[2] as Motions pursuant to 28 U.S.C. § 2255. Petitioner further claims that the dismissal of his 1997 motion with prejudice constitutes a void judgment, because under Rule 41 (a)(1) Petitioner had the right to a voluntary dismissal without prejudice, and this Court did not have jurisdiction over the claim.

First, this Court will examine Petitioner's claims as to the Order of June 3, 1997. Petitioner claims that this Order has harmed him by denying him the opportunity to file a § 2255 action as someone first encountering the courts: "The extreme hardships associated with the court's Order are apparent when considering the procedural hurdles to overcome in order to file a 'second or successive' § 2255 motion ... In sum, Movant cannot now file a first § 2255 because of the actions of the district court." (Pet. Mot., p. 10). At a minimum, Petitioner's argument fails to consider the impact of AEDPA's limitation period on his ability to file another § 2255. That is, had this Court done exactly as Petitioner claims it should have, he still could not file a "first" § 2255 Motion for the simple reason that any new claim would necessarily have come after the statute of limitations had

---

[2] Petitioner maintains that this Court, in dismissing his 1997 Motion with prejudice, created a Motion to Vacate pursuant to 28 U.S.C. § 2255 where one did not exist, because he had already voluntarily dismissed this action. However, Petitioner concedes that he filed his 1997 Motion under § 2255.

2

expired.

Petitioner chose to voluntarily dismiss his claim on June 2, 1997. The statute of limitations for Petitioner's filing of any habeas claims expired on April 24, 1997.[3] 28 U.S.C. § 2255. Therefore, had Petitioner received exactly what he requests in this Motion, he still would have lost his claim and been unable to raise any others. Even if the district court erred in dismissing Petitioner's § 2255 with prejudice, Petitioner did not suffer any harm from it. Petitioner's loss of claim is a result of the statute of limitations, and the statute would have just as absolutely barred Petitioner from filing a new habeas action had the dismissal been granted without prejudice or simply allowed to terminate by itself.

Petitioner also asks this Court to invalidate the Order under 28 U.S.C. § 1651, the All Writs Act. The United States Supreme Court has stated that the "All Writs Act is a residual source of authority to issue writs that are not otherwise covered by statute. Where a statute specifically addresses the particular issue at hand, it is that authority, and not the All Writs Act, that is controlling." *Carlisle v. United States*, 517 U.S. 416, 429 (1996). The All Writs Act, then, is inappropriate in the instant setting.

Petitioner also asks this Court to consider the Supreme Court's holding in *Castro v. United States*, 540 U.S. 375 (2003). This Court first notes that *Castro* was decided in 2003, three

---

[3]See *Brown v. Angelone*, 150 F.3d 370, 375 (4th Cir. 1998), (setting forth the deadline of April 24, 1997, for all habeas claims brought by Petitioners whose state court proceedings became final before April 24, 1996).

3

years after Petitioner's most recent filing in this case, and neither the Fourth Circuit Court of Appeals nor the Supreme Court have suggested that the holding of *Castro* is retroactive. A close look at Petitioner's argument reveals that Petitioner's belief in *Castro's* retroactivity stems from a misreading of the case.[4]

However, even if *Castro* were universally retroactive, it would not aid Petitioner in his claim. In *Castro*, the Supreme Court held that a district court must provide pro se litigants with notice and warning that it intends to construe a filing as a § 2255 motion. If this notice is not provided, such recharacterization cannot be counted as a § 2255 motion for purposes of the "second or successive" provision of the Antiterrorism and Effective Death Penalty Act (AEDPA). *Castro* at 793.

Petitioner himself asserts in the Motion considered here: "Movant timely filed a motion for relief under § 2255." (Mot. for Relief pursuant to All Writs Act, p. 4). Inconsistently, Petitioner contests on the very next page that "the Order of the district court ... recharacterized Movant's habeas corpus as a first § 2255." *Id.* at 3. Petitioner clearly did file a first § 2255, and there was no recharacterization. *Castro* is thus inapplicable. Further, even if the district court did

---

[4] The Supreme Court addressed the issue of whether its 2003 holding would "un-characterize" Castro's 1994 re-characterized motion. The Court noted that supervisory "determinations normally apply, like other judicial decisions, retroactively, at least to the case in which the determination was made." *Castro* at 788. This holding made *Castro* retroactively applicable to Castro, but its retroactivity as to others is yet undecided.

4

erroneously recharacterize Petitioner's Motion, this occurred after the statute of limitations passed, rendering the mistake harmless.

Finally, Petitioner asks this Court to invalidate the Order of June 3, 1997, pursuant to Rule 60(b) of the Federal Rules of Civil Procedure. Rule 60(b)(4), which Petitioner urges this Court to use as it does not have the "reasonable time" limitation of the other provisions, requires a "void judgment" for invalidation. A judgment may be void either for lack of jurisdiction, or on due process grounds. See *Wendt v. Leonard*, 431 F.3d 410 (4th Cir. 2005).

Petitioner claims that the Order of June 3 is void under Rule 60 because this Court had no jurisdiction over his claim once he filed his notice of dismissal under Rule 41. Petitioner cites numerous cases in support of his assertion that a Rule 41 (a)(1) voluntary dismissal is "a matter of unconditional right running to the plaintiff and may not be extinguished or circumscribed by the adversary or the court ... There is not even a perfunctory Order of the court closing the file." *American Cyanide v. McGhee*, 317 F.3d 293, 295 (5th Cir. 1963). Petitioner also notes that a voluntary dismissal "strips a court of jurisdiction in the sense that it terminates the case all by itself." *Szabo Food Service v. Canteen Corp.*, 823 F.2d 1073, 1078 (7th Cir. 1987).

Petitioner's argument does not change the fact that he voluntarily withdrew his claim after the statute of limitations had expired. Petitioner requests that "he be relieved from the consequences of the Order entered June 3, 1997 that Movant would

have to seek authorization from the Fourth Circuit Court of Appeals in order to refile his section 2255." Pet. Mot. for Relief under All Writs Act, p. 15. This Court again notes that the Order of June 3 did not cause any harm to Petitioner that a voluntary dismissal had not already caused. Had Petitioner's voluntary dismissal simply been noted by this Court, without an assertion of jurisdiction nor judgment attaching a preclusive effect, Petitioner's claim would have been dismissed and he would not have been able to raise a brand new § 2255, as this Court has discussed above.

As for Petitioner's Motion to Correct an Illegal Sentence Pursuant to 18 U.S.C. § 3553 and/or 18 U.S.C. § 3582, this Court did treat it as a § 2255 action although it was not labeled as such. As this Court has noted, this recharacterization does not raise *Castro* concerns, because *Castro* is likely not retroactive and because Petitioner could not file a new § 2255 after the statute of limitations had passed. Therefore the worry of creating the procedural hurdles of a second or successive filing is non-existent.

Petitioner has not informed this Court as to substantive reasons why his motion under 18 U.S.C. § 3582 should not have been treated as a § 2255. Petitioner only argues that this recharacterization created impediments to future filings under § 2255. Since Petitioner was time-barred from filing any motions under § 2255 anyway, he could not have been so impeded.

6

**THEREFORE, IT IS HEREBY ORDERED** that Petitioner's Motion for Relief Pursuant to All Writs Act, 28 U.S.C. § 1651, and/or Federal Rules of Civil Procedure Rule 60 (b) (4) and (6) is **DENIED.**

Signed: August 21, 2006

Graham C. Mullen
United States District Judge