# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION

**DOCKET NOs. 3:90-CR-85-P, 3:97-cv-245-FDW**

| | |
|---|---|
| ORRIN L. JACKSON, )<br>)<br>Petitioner, )<br>)<br>vs. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent. )<br>)<br>) | ORDER |

THIS MATTER comes now before the Court on Petitioner Orrin L. Jackson's Motion to Vacate (Doc. No. 14), pursuant to Rule 60(b)(4) of the Federal Rules of Civil Procedure. Petitioner seeks to vacate this Court's denial of Petitioner's previous Motion for Relief (Doc. No. 11), and this Court's order granting dismissal with prejudice of Petitioner's § 2255 motion (Doc. No. 9). Finding that the first Order in question is indeed void, the Court hereby GRANTS Petitioner's Motion.

## I. BACKGROUND

Petitioner filed a 28 U.S.C. § 2255 Motion to Vacate on April 28, 1997 (Doc. No. 1). Subsequently, on June 2, 1997, Petitioner filed a Motion to Dismiss his § 2255 action under Rule 41(a)(1), which allows a plaintiff to voluntarily dismiss without prejudice under certain circumstances (Doc. No. 7). This Court granted Petitioner's Motion to Dismiss on June 4, 1997, but did so *with prejudice* (Doc. No. 9).

Petitioner filed a Motion for "Relief Pursuant to All Writs Act, 28 U.S.C. § 1651, and/or Federal Rules of Civil Procedure Rule 60(b)(4) and (6)" on December 13, 2004 (Doc. No. 11). This

Court, through the Honorable Graham C. Mullen, denied this motion primarily due to the fact that the period of limitation for Petitioner's filing of any habeas claims had expired on April 24, 1997 (Doc. No. 13). Based on existing law, Judge Mullen explained that even though Petitioner chose to voluntarily dismiss his claim on June 2, 1997, any further motion would have been barred by the statutory time limit. Therefore, even if this Court erred in dismissing with prejudice, Petitioner did not suffer any harm from it.

Following the Fourth Circuit's decision in Jackson v. United States, 245 F. App'x. 258 (4th Cir. 2007), Petitioner again moved to vacate the dismissal with prejudice of his § 2255 motion. Finding the Fourth Circuit's reasoning in Jackson to be dispositive, the Court now GRANTS Petitioner's Motion and VACATES the dismissal with prejudice of Petitioner's §2255 Motion and the denial of Petitioner's previous Rule 60(b)(4) motion.

## II. PETITIONER'S MOTION

The Fourth Circuit reviewed an almost identical case arising from this district in Jackson v. United States, which arose from the same underlying criminal charges brought forth against the Petitioner here. Id. at 259. In that case, this Court denied petitioner's 60(b)(4) motion to vacate the dismissal with prejudice of his § 2255 motion. Id. Under the same facts as here, the petitioner filed a § 2255 motion in late April 1997 and then voluntarily dismissed the motion on June 2, 1997. Id. The motion was subsequently dismissed with prejudice, and the petitioner was instructed that he must receive authorization from the Fourth Circuit before filing another § 2255 motion. Id. The Fourth Circuit held that because a voluntary dismissal under Rule 41(a)(1)(I) is self-executing, effective the moment notice is filed with the clerk, and requires no judicial approval, the court lacked authority to dismiss the petitioner's motion with prejudice. Id. (citing In re Matthews, 295 F.3d 477, 480 (4th Cir. 2005)). The court thus held that the district court's order granting the petitioner's

motion to dismiss was in error because the case was dismissed with the filing of the petitioner's motion, and the order dismissing the § 2255 motion with prejudice was void. Id. The court further held that the petitioner's Rule 60(b)(4) motion challenging the dismissal was not untimely because "motions attacking a judgment as void under Rule 60(b)(4) have no time limit." Id. at 260 (citing Foster v. Arletty 3 Sarl, 278 F.3d 409, 414 (4th Cir. 2002)). The court thus vacated and remanded the district court's order. Id.

Under this precedent, which clearly applies to the Motion at hand, this Court's order granting Petitioner's dismissal was in error because the voluntary dismissal was effective upon Petitioner's filing. This Court thus lacked authority to dismiss with prejudice Petitioner's § 2255 motion, and the June 4, 1997, order is void. Petitioner's § 2255 motion will therefore be considered dismissed *without prejudice*. As the Fourth Circuit noted in Jackson, however, this order will have no effect on whether any future § 2255 motion filed by Petitioner will be timely. Id. at 260, n 2. The Court notes that section 2255 has a clearly defined time limitation:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of–
> (1)   the date on which the judgment of conviction becomes final;
> (2)   the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3)   the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4)   the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255 (2008).

### III. CONCLUSION

Following the Fourth Circuit's opinion in Jackson, Petitioner's motion is GRANTED. This

Court's order on June 4, 1997, and subsequent order on August 21, 2006, denying Petitioner's previous Rule 60(b)(4) motion, are VOID. Petitioner's voluntary dismissal of his § 2255 motion on June 2, 1997 shall be considered WITHOUT PREJUDICE.

    IT IS SO ORDERED.

Signed: July 13, 2009

Frank D. Whitney
United States District Judge